

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-425-CR

ROBERT STERMER, JR.                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Robert Stermer, Jr. appeals his two convictions for failing to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. art. 62.102 (Vernon 2006). In two points, he asserts that the trial court violated his due process rights by refusing to follow an alleged plea bargain agreement and by

---

[1] *See* Tex. R. App. P. 47.4.

failing to admonish him of the consequences of his guilty plea and that the court also violated his right to an impartial jury trial. We affirm.

## Background Facts

In June 2007, a Denton County grand jury indicted appellant for two counts of failing to comply with sex offender registration requirements related to his 1988 sexual assault conviction.[2] After the parties filed various pretrial documents, they announced ready for trial. On October 17, 2007, after voir dire concluded the previous day, the proceedings began with appellant, his trial counsel, and the trial judge discussing the State's latest plea offer:

> [APPELLANT]: I'm sorry, Your Honor, but I was just slapped with this this morning and I don't know what to do.
>
> [APPELLANT'S COUNSEL]: Robert, you have been given the plea work for eight years; is that correct?
>
> [APPELLANT]: Yes, sir, but as of last night when we left this courtroom, you did tell me that we had a good chance. I did not know nothing about this, and I feel like I'm just being rushed into signing my life away.
>
> . . . .

---

[2] Specifically, the indictment alleged that in January 2007, appellant failed to notify the Denton County Sheriff's Department and the Denton Police Department of his intent to change his residence. The indictment also contained an enhancement paragraph alleging that appellant had been previously convicted for violating the statutory registration requirements. Evidence at trial established appellant's sexual assault conviction.

2

[APPELLANT'S COUNSEL]: Your Honor, for my own protection, over the past month and a half, I have made numerous appointments with Mr. Stermer. He has not come to any of them. He has missed every single one. He has missed appointments. He doesn't call. I have done the best I could with an uncooperative client. I got him an offer of eight years this morning. He told me he would take the eight years. And every time I have put the paper in his hand, he has refused to sign it.

[APPELLANT]: It's hard for me to sign this.

[APPELLANT'S COUNSEL]: We understand.

[APPELLANT]: What I want to know is, though -- I have never fought for anything, never. If I was in the wrong, I have always took a plea bargain. The only reason why I wanted to fight this one is because I tried --

[APPELLANT'S COUNSEL]: On the record right now, are you going to take the eight years or are we going to trial? You have either the eight years or the trial. State it to the record now.

[APPELLANT]: Your Honor, is there any way that I could get some kind of other legal advice on this? I don't know what my rights are. This is not what I was told yesterday. I was told yesterday that we still had a good chance, and now all of a sudden I'm getting slapped with eight years that I was not prepared for. I mean, I would --

THE COURT: Mr. Stermer, I'm not going to ask an awful lot of questions because I don't want to get into attorney-client privilege, attorney-client questions, meetings and relationship. That's improper for me to do that. It's really quite simple. I understand that you have been offered a plea bargain of eight years to do.

[APPELLANT]: Had I known that this --

3

THE COURT: You know it now. Mr. Stermer, you know it now. Do you want some time to think about it? But you're not going to have all day. I mean, if you want to go sit down and think about it, pray about it, do whatever for 10 or 15 minutes, I will give you that amount of time. At the end of that time, we're bringing the jury back in. We're either going to proceed with a trial or we're going to proceed with a plea bargain.

[APPELLANT]: I feel now that if I -- if I do take it to trial, I don't know that he would want to defend me because this was like nothing --

THE COURT: I assure you --

[APPELLANT]: Yes, sir, could I please have some time to think about it?

. . . .

[APPELLANT'S COUNSEL]: Thanks for the time, Judge. Let's go.

(Brief recess)

THE COURT: Mr. Stermer, do you want to finish the trial or do you want to do the plea bargain?

[APPELLANT]: The only reason I don't want to go to trial is because he's got me convinced that I'm going to get 99 years and I feel like I'm being forced to sign this.

[APPELLANT'S COUNSEL]: That's not an answer.

THE COURT: We are not going to force you to do anything. If you continue the trial, you may be found guilty, you may be found not guilty. If you are found guilty, there is no deal. I may give you eight years, I may give you more than eight years, I may give you less than eight years. If you want a guaranteed deal, eight years is on the table.

4

[APPELLANT]: I don't mean to anger you because that's not a good thing.

THE COURT: You're not angering me.

[APPELLANT]: I'm very sorry. I have never fought for anything.

THE COURT: Bring the jury in. We're going to have a trial. Go have a seat, Mr. Stermer. Go have a seat, Mr. Stermer.

(Open court, defendant and jury present)

. . . .

(Indictment read by the state)

THE COURT: Robert Stermer, do you plead guilty or do you plead not guilty?

. . . .

[APPELLANT]: Your Honor, I'm sorry, I don't mean to waste anybody's time, it's just I was just hit with this today --

THE COURT: Mr. Stermer, you must enter a plea of either guilty or not guilty. Which is it?

[APPELLANT]: Guilty.

THE COURT: I'm sorry, I did not hear you. I really did not understand, Mr. Stermer. Did you plead guilty or not guilty?

[APPELLANT]: Yes, sir, guilty.

THE COURT: You may take your seat. Ladies and gentlemen, the defendant has just entered a plea of guilty to the indictment. He has elected that the court and not the jury set his punishment. We're going to take a short break and then we're going to have the [S]tate and the defendant, if either of them choose, have testimony

5

and evidence concerning the punishment that I will give to the defendant. . . .

[THE STATE]:     Judge, can we approach real quick?

THE COURT:     Sure.

(Discussion off the record)

THE COURT:     We have a slight technicality. You're not quite released yet, ladies and gentlemen. Inasmuch as the defendant had the right to a jury trial and requested a right to a jury trial and even though he has entered a plea of guilty, the jury is going to have to decide if he is guilty or innocent. Does the [S]tate have any evidence or testimony other than the defendant's confession?

[THE STATE]:     Well, Judge, I believe that the [S]tate is bound to give some evidence to the jury. I don't think just the defendant's plea alone is sufficient.

The trial then proceeded with the State's opening statement and the testimony of its sole witness—Denton Police Department Detective Scott Miller. Detective Miller, who investigates compliance with sex offender registration requirements, testified that he was familiar with appellant through appellant's previous registration efforts with the department. He then explained that on January 2, 2007, he advised appellant of the registration requirements regarding a change of appellant's residence. Detective Miller testified that appellant did not properly register when he moved into his father's house.

After the parties submitted closing arguments, the jury found appellant guilty of both counts of failing to register. Appellant pled true to the

6

indictment's enhancement paragraph, and he also pled true to the State's intention to enhance his punishment range, which was contained in a separately filed document. After appellant called witnesses who testified about his intent to lawfully register, the trial court heard closing arguments on the punishment issue. The trial court sentenced appellant to fifteen years' confinement.

On November 7, 2007, appellant filed a motion for new trial generally alleging that the jury's verdict was "contrary to the law and the evidence" and that the trial court should grant a new trial "in the interests of justice." That same day, he also filed his notice of this appeal.

### Appellant's Alleged Plea Bargain, the Voluntariness of his Guilty Plea, and the Trial Court's Failure to Admonish Him

In his first point, appellant contends that the exchange between him, his trial counsel, and the trial judge at the beginning of his trial, as recited above, indicates that he intended to accept the State's eight-year plea bargain offer. He asserts that the trial court did not act according to the allegedly completed plea bargain and that therefore, his guilty plea is rendered involuntary. He further asserts that his conviction should be reversed because the trial court did not admonish him about the consequences of his guilty plea.

7

**The alleged plea bargain and the voluntariness of appellant's guilty plea**

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *see Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *see Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). We should review preservation of error on our own motion. *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007).

Except for complaints involving systemic requirements, or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a). *Mendez*, 138 S.W.3d at 342. "Systemic" requirements include, for example, jurisdictional issues or a penal statute's compliance with the separation of powers provision in the Texas constitution. *See Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).

The voluntariness of a plea is not a systemic requirement; thus, complaints related to voluntariness must be raised in the trial court to be preserved for our review. *See Mendez*, 138 S.W.3d at 338, 350; *Starks v. State*, 266 S.W.3d 605, 613 (Tex. App.—El Paso 2008, no pet.); *Williams v. State*, 10 S.W.3d 788, 789 (Tex. App.—Waco 2000, pet. ref'd); *see also Nolly v. State*, Nos. 02-04-00251-CR, 02-04-00257-CR, 2005 WL 555215, at *3 (Tex. App.—Fort Worth Mar. 10, 2005, no pet.) (mem. op., not designated for publication) (holding that the appellant forfeited his voluntariness complaint by not raising it before the trial court). Similarly, errors related to noncompliance with a plea bargain agreement must be raised in the trial court to preserve such errors for our consideration. *See Martinez v. State*, 159 S.W.3d 655, 656 (Tex. App.—Corpus Christi 2004, no pet.); *Ballard v. State*, 149 S.W.3d 693, 696 (Tex. App.—Austin 2004, pet. ref'd); *Gloria v. State*, No. 13-01-00367-CR, 2002 WL 1965336, at *2 (Tex. App.—Corpus Christi Aug. 22, 2002, no pet.) (not designated for publication).

The trial court must approve the terms of a plea agreement before the agreement becomes effective. *See State v. Moore*, 240 S.W.3d 248, 251 (Tex. Crim. App. 2007); *Ditto v. State*, 988 S.W.2d 236, 238 (Tex. Crim. App. 1999) (indicating that the trial court may approve of the agreement through its actions). Here, there is no indication in the record that, even if appellant

9

intended to enter a plea bargain agreement by pleading guilty, the trial court ever approved the agreement. Instead, the trial court indicated that the plea agreement was no longer available when after asking appellant directly whether he wanted the plea bargain or a trial, the court stated, "Bring the jury in. We're going to have a trial."[3]

Appellant contends that despite this indication (as well as his counsel's directive to him that he must either accept the plea bargain or proceed to trial), he nonetheless thought he was accepting the plea bargain when he pled guilty before the jury. However, if appellant was indeed mistaken by assuming that his guilty plea accepted the State's eight-year offer, he failed to appropriately respond to that mistake.

For instance, just after appellant pled guilty, the trial court stated that it would hear "testimony and evidence concerning the punishment that I will give to the defendant" and reiterated that appellant elected that the court "set his

---

[3] Appellant complains about the trial court requiring him to enter a plea to the indictment's allegations in the jury's presence. However, the code of criminal procedure supports the trial court's action. *See* Tex. Code Crim. Proc. Ann. art. 36.01(a)(2) (Vernon 2007); *Thomas v. State*, No. 01-01-00127-CR, 2002 WL 501646, at *2 (Tex. App.—Houston [1st Dist.] Apr. 4, 2002, pet. ref'd) (not designated for publication) (holding that the defendant's pleading before the jury is a "usual and customary part of the criminal trial process"); *Presley v. State*, 686 S.W.2d 764, 770 (Tex. App.—Fort Worth 1985, pet. ref'd).

punishment." Later in the trial, the trial court indicated that it was about to "start the punishment phase," and then appellant pled true to allegations contained in the State's notice to enhance his punishment range. Appellant then observed the proceedings and remained silent as his counsel called witnesses related to punishment and asked for a "minimum sentence" and as the State asked that he be confined "in prison for at least [twenty] years." Finally, when asked if there was any legal reason why his sentence should not be pronounced, appellant only related that he had medical records that he had hoped to introduce as evidence.

Throughout all of these events, appellant failed to express any belief that he was accepting the State's eight-year offer by pleading guilty. Also, although appellant could have withdrawn his guilty plea at any time before the jury retired to deliberate, he never attempted to do so. *See McWherter v. State*, 571 S.W.2d 312, 313 (Tex. Crim. App. [Panel Op.] 1978); *Abrego v. State*, 977 S.W.2d 835, 837 (Tex. App.—Fort Worth 1998, pet. ref'd).

Because appellant never asserted the involuntariness of his guilty plea, his belief that he had entered into a plea bargain, or his belief that the trial court breached that purported plea bargain at the trial court level, those complaints have been forfeited, and we will not consider them. *See* Tex. R. App. P. 33.1; *Mendez*, 138 S.W.3d at 338–42.

11

**Article 26.13 admonishments**

Appellant also contends in his first point that the trial court erred by failing to admonish him under article 26.13 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 2009). Article 26.13 requires a trial court, prior to accepting a guilty plea, to notify a defendant of various facts and conditions related to the plea. *See id.*; *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007).

The requirements of article 26.13 apply to a guilty plea that is made before a jury. *See Denton v. State*, Nos. 02-02-00467-CR, 02-02-00468-CR, 2004 WL 362265, at *1 (Tex. App.—Fort Worth Feb. 26, 2004, pet. ref'd) (mem. op., not designated for publication). The trial court's failure to comply with such requirements may be raised for the first time on appeal. *See Bessey*, 239 S.W.3d at 812 (characterizing admonishments under article 26.13 as a "waivable-only right," meaning that it "cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived").

We conclude that the trial court erred because it did not admonish appellant under article 26.13 at any time following his guilty plea. However, the trial court's error does not end our analysis, because the error is subject to the harm standards of rule of appellate procedure 44.2(b). *See* Tex. R. App. P. 44.2(b); *Bessey*, 239 S.W.3d at 813; *Aguirre-Mata v. State*, 125

12

S.W.3d 473, 474 (Tex. Crim. App. 2003); *Fakeye v. State*, 192 S.W.3d 112, 113 (Tex. App.—Fort Worth 2006), *aff'd*, 227 S.W.3d 714 (Tex. Crim. App. 2007).

Under rule 44.2(b), we disregard the error unless it has affected appellant's substantial rights. Tex. R. App. P. 44.2(b); *see Bessey*, 239 S.W.3d at 813; *Mosley*, 983 S.W.2d at 259; *Coggeshall v. State*, 961 S.W.2d 639, 642–43 (Tex. App.—Fort Worth 1998, pet. ref'd) (en banc). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); *Coggeshall*, 961 S.W.2d at 643. Conversely, an error does not affect a substantial right if we have a "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

The purpose of article 26.13 is to ensure that only a constitutionally valid plea is entered and accepted by the trial court; the article assists the trial court in making "the determination that the relinquishment of rights, constitutional or otherwise, by the defendant is both knowing and voluntary." *Carranza v. State*, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998). Accordingly, the trial court's failure to admonish a defendant of a particular consequence of a plea

13

is harmless when either that consequence does not apply to the defendant or the record demonstrates that the defendant otherwise had knowledge of the consequence. *See, e.g., Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006) (explaining that "[w]hen courts have failed to admonish guilty-pleading defendants on the immigration consequence of conviction, we have held the error was harmless error when the record showed that a defendant was a citizen of the United States"); *Gamble v. State*, 199 S.W.3d 619, 622 (Tex. App.—Waco 2006, no pet.) (holding that the appellant's substantial rights were not affected by the trial court's failure to admonish him of his range of punishment because "the prosecutor generally explained the applicable punishment range to [the appellant] on the record . . . and the attorneys covered the applicable punishment range at length during voir dire"); *see also Slaughter v. State*, No. 02-07-00050-CR, 2007 WL 3120688, at *6 (Tex. App.—Fort Worth Oct. 25, 2007, no pet.) (disregarding error under rule 44.2(b) because "most of the admonishments set forth in article 26.13 [did] not apply to the facts of th[e] case; the one requirement that [did]—admonishment about the range of punishment—was discussed in voir dire").

The specific admonishments required by article 26.13 are (1) the range of punishment attached to the offense; (2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court; (3) the

14

fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal; (4) consequences of the plea affecting a noncitizen; (5) the fact that sex offender registration requirements may be imposed following the conviction; and (6) the fact that it is unlawful for the defendant to possess or transfer a firearm or ammunition if the defendant is convicted of a misdemeanor involving family violence. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a).

Admonishments two and three do not apply to appellant's case because the record does not establish that any agreement for appellant's punishment ever became effective, nor does it indicate that apart from such an agreement, the State agreed to recommend any specific punishment. *See id.* art. 26.13(a)(2)–(3). In fact, as described, the record affirmatively indicates that the trial court notified appellant that any plea bargain was no longer available when it stated, "Bring the jury in. We're going to have a trial." Likewise, admonishments four through six do not apply to appellant's case because there is nothing in the record indicating that appellant is a noncitizen, appellant was already required to register as a sex offender, and appellant's offense did not involve family violence. *See id.* art. 26.13(a)(4)–(6).

15

On the sole remaining statutory admonishment, the record reflects that appellant had knowledge of the range of punishment. *See id.* art. 26.13(a)(1). In appellant's presence during voir dire, the trial court determined that because of enhancements, appellant faced a first degree felony. The next morning, after conferring with his trial counsel about the State's eight-year plea offer, appellant expressed his recognition that if he went to trial, he could receive up to ninety-nine years' confinement. *See* Tex. Penal Code Ann. § 12.32(a) (Vernon 2003) (allowing up to ninety-nine years' or life as confinement for a first degree felony). Appellant's statement indicates that he had knowledge of his potential punishment range; he has not contended otherwise at trial or on appeal. Finally, apart from appellant's plea, the State produced evidence sufficient to establish appellant's guilt and to support the jury's verdict. *See Solomon*, 49 S.W.3d at 365; *King*, 953 S.W.2d at 271.

Therefore, we conclude and hold that the trial court's error in failing to give appellant statutory admonishments did not affect appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Bessey*, 239 S.W.3d at 813. Thus, the error is not reversible, and we overrule appellant's first point.

16

**The Trial Court's Conduct Following Appellant's Guilty Plea**

In his second point, appellant asserts that after his guilty plea, the trial court denied him the right to a meaningful jury trial as guaranteed by the federal and state constitutions and the code of criminal procedure. *See* U.S. Const. amend. VI; Tex. Const. art. I, § § 10, 15; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 2005), art. 36.29 (Vernon Supp. 2008). Specifically, he contends that the trial court prejudiced the jury's verdict and denied him the presumption of innocence when it indicated to the jury that its decision on his guilt or innocence was a "slight technicality."

To be reversible, a trial court's comment to a jury must unfairly benefit the State or prejudice the defendant. *See Aschbacher v. State*, 61 S.W.3d 532, 539 (Tex. App.—San Antonio 2001, pet. ref'd); *Bush v. State*, 762 S.W.2d 353, 355 (Tex. App.—Fort Worth 1988, no pet.). A comment prejudices a defendant when it contributes to the defendant's conviction or punishment. *See Duffey v. State*, 249 S.W.3d 507, 511 (Tex. App.—Waco 2007, pet. ref'd).

When a defendant pleads guilty before a jury, the jury need not return any verdict; rather, the trial should proceed directly to determining punishment. *See Fuller v. State*, 253 S.W.3d 220, 227 (Tex. Crim. App. 2008) (explaining that a "plea of guilty made to a jury is the functional equivalent of a jury verdict

of guilty"), *cert. denied*, 129 S. Ct. 904 (2009); *Griffin v. State*, 255 S.W.3d 774, 775 (Tex. App.—Amarillo 2008, no pet.) (explaining that a guilty plea before a jury renders the trial as "unitary in nature"). Accordingly, by making such a plea, the defendant "admits the existence of all facts necessary to establish guilt." *Carroll v. State*, 975 S.W.2d 630, 631–32 (Tex. Crim. App. 1998).

Therefore, the trial court's retention of the jury in this case to hear evidence on appellant's guilt and determine that he was guilty was improper. However, the improper bifurcation of a trial is not always reversible error; rather, to be reversible, some harm must relate to the bifurcation. *See Barfield v. State*, 63 S.W.3d 446, 450 (Tex. Crim. App. 2001); *Ricondo v. State*, 634 S.W.2d 837, 842 (Tex. Crim. App. 1981) (op. on reh'g) (plurality opinion); *Frame v. State*, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App. [Panel Op.] 1981); *see also Karl v. State*, No. 02-08-00243-CR, 2008 WL 5194300, at *2 & n. 11 (Tex. App.—Fort Worth Dec. 11, 2008, no pet.) (mem. op., not designated for publication) (applying a rule 44.2(b) harm analysis to improper bifurcation).

Here, appellant complains that the trial court's "slight technicality" comment while it decided to bifurcate his trial prejudiced the jury in their determination of his guilt. However, as described above, appellant's guilty plea furnished the only support necessary for his conviction, and it rendered the

jury's remaining role in his trial and its consideration of his guilt unnecessary; thus, we conclude that the comment, even if prejudicial, did not cause any harm. *See Fuller*, 253 S.W.3d at 227; *Carroll*, 975 S.W.2d at 631–32; *Duffey*, 249 S.W.3d at 511. Therefore, we overrule appellant's second point.

### Conclusion

Having overruled both of appellants points, we affirm the trial court's judgment.


                                              TERRIE LIVINGSTON
                                              JUSTICE

PANEL: LIVINGSTON and MCCOY, JJ.; and WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by Assignment).

MCCOY, J. filed a concurring opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2009



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-425-CR

ROBERT STERMER, JR.                                                 APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

------------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## CONCURRING MEMORANDUM OPINION[1]

------------

I respectfully concur in the disposition of this appeal but disagree in one respect as to issue number one. I believe the record clearly shows that when Stermer entered a plea of guilty, he was doing so to accept the offer of eight years from the State. That being said, I agree with the majority that, if that was the case, no complaint was lodged by Stermer with the trial court when

---

[1] *See* Tex. R. App. P. 47.4.

it subsequently became evident that the court did not believe the plea agreement had been accepted, and as such, the complaint was waived for purposes of appeal.

BOB MCCOY
JUSTICE

DELIVERED: April 16, 2009

2