Thomas Linton BUSH, Appellant,

v.

The STATE of Texas, State.

No. 2–87–223–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 21, 1988.

D. Keith Orsburn, Denton, for appellant.

Jerry Cobb, Dist. Atty., and Gwinda Burns, Asst. Dist. Atty., Denton, for the State.

Before FENDER, C.J., and FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

Bush was convicted of forging the release of a promissory note and lien against real property secured by deed of trust and assessed punishment of ten years in the Texas Department of Corrections and a $5,000 fine. *See* TEX.PENAL CODE ANN. sec. 32.21 (Vernon 1974). Upon the jury's recommendation, the trial court suspended the imposition of sentence and placed Bush on probation for a period of ten years and assessed a fine of $5,000. One of the conditions of Bush's probation was that he pay restitution of $22,923.74.

Bush raises three points of error complaining that: (1) the trial court committed reversible error in giving the jury the parole law instruction; (2) there was insufficient evidence to support the amount of required restitution; and (3) the trial court improperly commented on the weight of the evidence. We affirm the judgment of the trial court because: (1) we find beyond a reasonable doubt that Bush suffered no harm as a result of the parole law instruction; (2) the evidence was sufficient to sustain the court-ordered restitution; and (3) the trial court did not improperly comment on the weight of the evidence.

■ The State admits it was error to submit the parole law instruction. *See Rose v. State*, 752 S.W.2d 529, 537 (Tex. Crim.App.1987) (opinion on reh'g). We must apply the harmless error rule, TEX.R. APP.P. 81(b)(2), and reverse the judgment of the trial court unless we determine, beyond a reasonable doubt, that the error made did not contribute to Bush's punishment.

Bush was charged with forging the name of a business associate, John Roman, to a release of a lien against Bush's residence securing a promissory note executed by Bush payable to Roman in the principal amount of $18,486.90. Bush and Roman had incurred federal tax liens totalling approximately $36,000, which were paid by Roman with proceeds from the sale of his home. Since the federal tax liens against both Bush and Roman were satisfied with proceeds from the sale of Roman's home, Bush executed the promissory note payable to Roman for $18,486.90, one-half of the total tax debt, with interest at 6% from December 19, 1981, until paid. During the punishment phase of the trial, Bush admitted forging Roman's signature to the release of lien which permitted Bush to sell his residence without paying Roman the debt secured under the deed of trust.

■ During the punishment phase of the trial, Bush introduced testimony of his eligibility for a probated sentence. The State argued against a recommendation of probation for Bush. Neither the State nor counsel for Bush, in jury argument, argued any specific term of years as either a probated sentence or a sentence without probation. Given the admission of Bush that he had forged his business associate's signature, the amount of money involved and other circumstances proved, and the fact that Bush did not urge a shorter probated sentence, we find, beyond a reasonable doubt, that the parole law instruction made no contribution to the punishment assessed by the jury. Bush's first point of error is overruled.

■ We overrule Bush's second point of error because there is sufficient evidence to sustain the court's determination of the amount of restitution to be required of Bush. Roman testified describing the transaction giving rise to the promissory note and deed of trust executed by Bush. Bush admitted executing the promissory note, and the promissory note was admitted into evidence. There is evidence the note was never paid. The amount of restitution

ordered approximates the principal sum of the note plus interest at the rate of 6% per annum from the date of the forged release of lien until the date of conviction and is considerably less than principal plus interest from the date the note was executed until the date of conviction. Bush's second point of error is overruled.

In his third point of error Bush complains of a statement by the trial judge to the jury made in the following context after the State had advised the court that it had called in an expert witness for a later hour:

> In order to allow their case to be fully developed, the Court is going to recess it until 1:30 this afternoon. We will conclude it this afternoon, I can assure you of that. Again, do not discuss the case among yourselves or with anyone else, and you can go do what you want for awhile.

 Bush moved for a mistrial based upon that part of the court's statement that the case would be recessed in order to allow "their case to be fully developed." Bush did not request an instruction to the jury to disregard the court's comment. To constitute reversible error on the trial court's comment to the jury it must be such as is reasonably calculated to benefit the State or to prejudice the rights of the defendant. *See Becknell v. State*, 720 S.W. 2d 526, 531 (Tex.Crim.App. [Panel Op.] 1986), *cert. denied*, 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987). In light of the fact that the State had repeatedly recalled witnesses who had previously testified, we find the jury was more likely to consider the comment an expression of the court's exasperation with the pace of trial rather than a comment on the believability of unheard testimony. We hold the comment of the court did not amount to a comment on the weight of the evidence. Further, by failing to request an instruction to disregard the comment, we hold that Bush waived any error. *See Marks v. State*, 617 S.W.2d 250, 252 (Tex.Crim.App. [Panel Op.] 1981). Bush's third point of error is overruled.

The judgment of the trial court is affirmed.