John Wayne **DUFFEY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–06–00249–CR.**

Court of Appeals of Texas, Waco.

Dec. 19, 2007.

Discretionary Review Refused June 25, 2008.

---

* (Chief Justice Gray does not join the opinion as to the first issue but concurs in the judgment without a separate opinion.)

Walter M. Reaves, Jr., West, for appellant.

John W. Segrest, McLennan County Dist. Atty., West, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## Opinion

BILL VANCE, Justice.

The appellant, John Wayne Duffey, Jr., was found guilty of two counts of aggravated robbery. He was sentenced to 99 years on count one and 50 years on count two. In two issues, Duffey complains that the court erred by: (1) vitiating his presumption of innocence by emphasizing guilt as one of the reasons a defendant might not testify; and (2) restricting voir dire examination by disallowing Duffey's question on how jurors felt about punishing someone who insisted on their right to trial by jury. We will affirm.

## Background

The facts pertaining to the guilt-innocence phase of the prosecution are virtually uncontested. Duffey entered a Waco convenience store and forced the clerk to give him money from the register. He fled the scene and went to Hillcrest Hospital, where a security guard apprehended him. At the police station, Duffey was patted down, and a serrated knife as well as some wadded up bills in different denominations were found in his pocket.

During the voir dire phase of the trial, the trial judge presented general instructions to the jury regarding the trial process. During those instructions, he informed the jury of a defendant's right not to testify and gave reasons why he may choose not to do so. The judge stated, "an obvious reason a defendant may not testify is because of his guilt." Duffey's attorney immediately requested permission to approach the bench, and an off-the-record discussion took place. No objection was made on the record at that time.

After that discussion, the trial judge repeated his statement that a defendant may not testify because of his guilt. Voir dire continued and later recessed for lunch. After the panel returned from lunch, Duffey's attorney objected on the record to the judge's earlier statements. Duffey argued that the judge's comments reflected on the court's lack of impartiality and that an instruction to disregard the statement would not cure the taint. Duffey then moved for a mistrial, which was overruled.

Voir dire continued, and Duffey attempted to ask jurors how strongly they agreed or disagreed with the statement that "a person who pleads not guilty and is found guilty should be punished more harshly than if the person had pled guilty originally." The judge immediately asked both attorneys to approach the bench to discuss whether the question was appropriate. At the conclusion of the bench conference, the court disallowed the question, finding it was an improper commitment question.

## Presumption of Innocence

Duffey argues that the court erred in emphasizing that a reason a defendant may not testify is because he is guilty. He suggests that because of the trial judge's role, the jury was predisposed to treat the court's comments with veracity, therefore undermining Duffey's presumption of innocence. The State responds that no error is shown because Duffey's objection and motion for mistrial were untimely and therefore not preserved for appellate review.

■■■ Rule of Appellate Procedure 33.1(a)(1) requires "a timely request, objection, or motion" to preserve a complaint

for appellate review. "There are two main purposes behind requiring a timely, specific objection: 1) to inform the judge of the basis of the objection and give him the chance to make a ruling on it, and 2) to give opposing counsel the chance to remove the objection." *Garza v. State,* 126 S.W.3d 79, 82 (Tex.Crim.App.2004). Like an untimely objection, an untimely motion for mistrial will not preserve a complaint for appellate review. *Young v. State,* 137 S.W.3d 65, 70 (Tex.Crim.App.2004).

■ However, we have held that the preservation requirements of Rule 33.1 are not to be applied in a hypertechnical manner. *Lewis v. State,* 191 S.W.3d 335, 338 (Tex.App.-Waco 2006, pet. ref'd). The standards of procedural default, therefore, are not to be implemented by splitting hairs in the appellate courts. *Id.* Regarding specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. *Id.* (citing *Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Crim.App. 1992)).

■ Applying *Lewis,* it is clear from the record that Duffey made a timely objection to the trial judge's comments. The record indicates that directly after the comments at issue, Duffey asked to approach the bench. After the bench conference, the trial judge repeated the exact phrase at issue, leading us to believe that Duffey's objection to the statement was made and overruled. Although voir dire proceeded before the objection was put on the record, this entry was merely a reiteration of what was already understood by the trial judge. Most importantly, the record indicates that Duffey had previously requested that the objection be made on the record, but he was not allowed until after the recess.[1] Duffey complied with *Lankston,* and he later procedurally established this fact for the record, therefore preserving this matter for appeal.

■ We next turn to whether the trial judge erred in his instruction on the Fifth Amendment right against self-incrimination. In *Blue v. State,* the Court of Criminal Appeals examined whether a trial judge's comments to the jury vitiated the defendant's presumption of innocence. *Blue v. State,* 41 S.W.3d 129, 132 (Tex. Crim.App.2000) (plurality op.) The trial judge made various comments including his belief that the defendant should plead guilty and that defense attorneys will often put guilty defendants on the stand if they look innocent like "Sister Teresa." *Id.* Even the dissent in *Blue* remarked that the instruction on a defendant's failure to testify could have the unintended consequence of prejudicing a defendant who chooses to testify by raising in the minds of the jury the idea that the defendant may be lying on the stand. *Id.* at 144 (McCormick, Womack & Keller, JJ. dissenting).

While *Blue* was a plurality, the preservation question was the focus of the case, but in finding "fundamental error" not requiring preservation, the majority found an error by the trial judge in imparting information to the venire that "vitiated the presumption of innocence." *Id.* at 132–33. We thus view *Blue* as precedent. Although the comments in the present case

---

1. Court: "We're outside the presence and hearing of the jury panel. This morning, Mr. Frederick, when I was explaining to the jury panel the voir dire process, you had approached the bench and asked to put an objection on the record. You may do so." (quoting 83 R.R. at 16–20).

do not reach the level found in *Blue*, the speculative comment by the trial judge that the defendant may choose not to testify because he is guilty was erroneous. The Bench Book for Texas Trial Judges sets forth the proper jury instruction to be given by judges on a defendant's failure to testify.

> The defendant in any criminal case is not required to prove himself or herself innocent. If the defendant does not choose to testify, you may not consider that fact as evidence of guilt, nor may you, in your deliberations, comment or in any way allude to that fact.

Bench Book for the Texas Judiciary, Part III, p. 265, Texas Center for the Judiciary (2003).

We thus hold that it was error for the trial judge to speculate why Duffey might choose not to testify.

### Harm Analysis

■ We next address whether Duffey was harmed by the error. The presumption of innocence is of constitutional dimension. *Blue*, 41 S.W.3d at 132; *Abbott v. State*, 196 S.W.3d 334, 344 (Tex.App.-Waco 2006, pet. ref'd). When an error is constitutional in nature, we apply the harm analysis set forth in Rule 44.2(a), which states:

> If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

TEX.R.APP. P. 44.2(a).

We have reviewed the entire record, and we find beyond a reasonable doubt that the trial judge's comments did not contribute to the conviction or punishment. The trial judge discussed the presumption of innocence of every criminal defendant and the basic constitutional right to remain silent. In their entirety, the trial judge's comments show that the error was harmless. Duffey specifically complained of this comment:

> One of the reasons a defendant in any criminal case might not testify is because they are guilty and they realize that if they do testify that it's going to become apparent through cross-examination or their own testimony that they committed a crime.

However, the trial judge continued by saying,

> On the other hand, the defendant might be completely innocent of the crime, not having anything to do with it all, but realize that if they get on the stand and testify, they might through clever questioning by the State somehow implicate themselves and make it look like they did something when, in fact, they didn't.

The trial judge concluded by saying,

> Whatever the reason, you [the jury] have to be willing to sit in the jury box and say, "it doesn't matter that I didn't hear from him. He has a right not testify just as I would if I were sitting there," and so you can't hold it against him and infer that he's guilty.

Additionally, we find the harm analysis performed in *Blue* on remand to be instructive. *Blue v. State*, 64 S.W.3d 672, 673 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd) (op. on remand). In examining whether harm occurred, the court in *Blue* looked at the case's main issue, which was whether the appellant knew the person he assaulted was a police officer at the time of the assault. *Id.* The appellant testified that he did not know he was scuffling with a police officer, so the case came down to whether the jury believed the appellant, and if so, it would have acquitted him. *Id.*

Duffey argues that the primary issue in this case was the punishment phase. On his second issue, he concedes, "he was identified by two witnesses and that he was caught fleeing the scene, making it seriously useless to challenge guilt." An erroneous comment on a defendant's failure to testify cannot lead to conviction in a case where the defendant essentially concedes his own guilt. Based on the evidence at trial and Duffey's concession, we conclude beyond a reasonable doubt that the trial court's error did not contribute to Duffey's conviction or punishment. Accordingly, we find the error to be harmless and overrule Duffey's first issue.

### Improper Commitment Question

■ In his second issue, Duffey contends that the trial court erred in not permitting him to discover how jurors felt about punishing someone who insisted on their right to a trial by jury. The State objected to the following question:

Should a person who pleads not guilty and is found guilty be punished more harshly than a person who goes to trial who pleads guilty initially?

■ The trial court has broad discretion over the process of selecting a jury. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim.App.2002). Thus, we review the trial court's ruling for abuse of discretion. *Id.* In *Standefer*, the Court of Criminal Appeals held that during voir dire a trial court should first determine if a question is a commitment question. *Standefer v. State*, 59 S.W.3d 177, 181 (Tex.Crim.App. 2001). If it is a commitment question, the next inquiry is whether the question was nevertheless a proper question. *Id.* at 181–82. A commitment question is proper if one of the possible answers to that ques-

tion gives rise to a valid challenge for cause. *Id.* at 182.

Duffey pled not guilty to the crime of aggravated assault. He sought to determine whether jurors who might find him guilty would seek harsher punishment because he originally pled not guilty. This question seeks to determine whether prospective jurors would "resolve, or refrain from resolving, an issue a certain way after learning a particular fact," making this question a commitment question. *Id.* at 179. We must now determine whether it was a proper commitment question.

■ For a commitment question to be proper, one of the possible answers to the question must give rise to a valid challenge for cause. *Id.* at 182. The only available challenge for cause would be one based on bias or prejudice, but Duffey's question would not lead to a valid challenge for cause because the question does not elicit a bias or prejudice. To assess punishment, a jury must use what it learns from the trial, including any bias or prejudice it developed during the presentation of evidence. Notably, during the bench conference discussing whether the question would be allowed, Duffey specifically stated that his question did not lead to a for-cause challenge.

Even assuming the trial court erred in sustaining the State's objection to Duffey's initial question, refusing to allow the form of one vague question was not an abuse of discretion. *See Howard v. State*, 941 S.W.2d 102, 108–09 (Tex.Crim.App.1996). Duffey was not prevented from pursuing this line of questioning; it was the manner of the question that the judge found to be confusing and seeking an improper commitment.[2] Because the court acted within

---

2. In *Howard,* the Court of Criminal Appeals spoke to the proper procedure an attorney should use when a trial court finds the form

of a particular question to be improper. *Howard,* 941 S.W.2d at 108–09. In the trial court, the judge disallowed appellant's ques-

its discretion in excluding the confusing and improper commitment question, we hold that the trial court did not abuse its discretion.

## Conclusion

Having overruled Duffey's two issues, we affirm the judgment of the trial court.

Chief Justice GRAY concurring with a note.*

tions on the punishment phase of the trial based on the form in which they were asked. *Id.* Appellant did not attempt to rephrase his questions but rather went on to question the jury on an unrelated matter. *Id.* at 109. On appeal, the court held:

> where the trial court places no absolute limitation on the underlying substance of a defendant's voir dire question, it is incumbent upon defense counsel to rephrase an improperly phrased query or else waive the voir dire restriction.

*Id.* at 108.

In the present case, the judge found the form of Duffey's question to be confusing and seeking an improper commitment. The State, although objecting, even attempted to help Duffey rephrase the question in order to elicit the desired responses. Such as in *Howard,* it was Duffey's choice to abandon the line of questioning.

* (Chief Justice Gray does not join the opinion as to the first issue but concurs in the judgment without a separate opinion.)