NO. 07-06-0461-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 14, 2008
_____

MICHAEL S. GRIFFIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411,521; HON. CECIL G. PURYEAR, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Michael S. Griffin challenges his conviction for aggravated assault with a deadly weapon. The conviction arose from his plea of guilty after trial began. Though the plea was made against the advice of counsel and after receiving the appropriate judicial admonishments, appellant now contends that he was denied due process when the trial court thereafter instructed the jury to find him guilty. So too does he allege that the

evidence was insufficient to find him guilty based on the charge to the jury. We overrule the issues and affirm the judgment.

Both of the issues raised by appellant result from the procedure used by the trial court after appellant changed his plea. He initially pled not guilty to assaulting his wife. However, after she testified to the assault during the guilt phase of the proceedings, appellant informed the court that he wished to plead guilty. The State refused to waive a jury trial though there was no longer any need to proceed with a jury.[1] Given this predicament, the court informed them that the jury would be instructed to return a verdict of guilty. Neither party objected to the procedure or the charge, and the court so instructed the jury. The trial court then admonished appellant as to his rights, and appellant entered a guilty plea and judicially confessed to the allegations in the indictment in open court. As expected, the jury found him guilty.

Appellant now questions the procedure utilized by the trial court. It purportedly denied him due process because the jury was denied the opportunity to independently determine his guilt. Aside from the fact that appellant invited that about which he complains and then withheld objection, we note that once an appellant pleads guilty, the proceeding becomes unitary in nature. *Carroll v. State*, 975 S.W.2d 630, 631-32 (Tex. Crim. App. 1998). And, since "there remains no issue of guilt to be determined, it is proper for the trial judge *in his charge* to instruct the jury to return a verdict of guilty" and then charge only on punishment. *Holland v. State*, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988). Under the scenario before us, there was no need to charge on punishment

---

[1]Appellant had previously waived his right to have the jury decide punishment.

because appellant opted to have the trial court decide that issue.  So, in effect, the trial court did that which has been recognized as correct, *i.e.* instruct the jury to return a guilty verdict.

As for the argument that the evidence did not support the conviction, appellant judicially confessed (in open court) to the allegations contained in the indictment.  This confession expressly encompassed not only the crime of aggravated assault but also the fact that he used a deadly weapon during the ordeal.  Thus, the verdict finds more than ample evidentiary support.

Appellant's issues are overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice


Publish.