COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-425-CR

 

 

ROBERT STERMER, JR.                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction








Appellant Robert Stermer, Jr. appeals his two
convictions for failing to register as a sex offender.  See Tex. Code Crim. Proc. Ann. art.
62.102 (Vernon 2006).  In two points, he
asserts that the trial court violated his due process rights by refusing to
follow an alleged plea bargain agreement and by failing to admonish him of the
consequences of his guilty plea and that the court also violated his right to
an impartial jury trial.  We affirm.

                                        Background
Facts

In June 2007, a Denton County grand jury indicted
appellant for two counts of failing to comply with sex offender registration
requirements related to his 1988 sexual assault conviction.[2]  After the parties filed various pretrial
documents, they announced ready for trial. 
On October 17, 2007, after voir dire concluded the previous day, the
proceedings began with appellant, his trial counsel, and the trial judge
discussing the State=s latest plea offer:

[APPELLANT]:     I=m sorry, Your Honor, but I was just slapped with
this this morning and I don=t know what to do.

 

[APPELLANT=S COUNSEL]:    Robert, you have been given the plea work
for eight years; is that correct?

 

[APPELLANT]:     Yes, sir, but as of last night when we left
this courtroom, you did tell me that we had a good chance.  I did not know nothing about this, and I feel
like I=m just being rushed into
signing my life away.

 

. . . .

 








[APPELLANT=S COUNSEL]:    Your Honor, for my own protection, over the
past month and a half, I have made numerous appointments with Mr. Stermer.  He has not come to any of them.  He has missed every single one.  He has missed appointments.  He doesn=t call.  I have done the best I could with an
uncooperative client.  I got him an offer
of eight years this morning.  He told me
he would take the eight years.  And every
time I have put the paper in his hand, he has refused to sign it.

 

[APPELLANT]:     It=s hard for me to sign this.

 

[APPELLANT=S COUNSEL]:    We understand.

 

[APPELLANT]:     What I want to know is, though -- I have
never fought for anything, never.  If I
was in the wrong, I have always took a plea bargain.  The only reason why I wanted to fight this one
is because I tried --

 

[APPELLANT=S COUNSEL]:    On the record right now, are you going to
take the eight years or are we going to trial? 
You have either the eight years or the trial.  State it to the record now.

 

[APPELLANT]:     Your Honor, is there any way that I could
get some kind of other legal advice on this? 
I don=t know what my rights
are.  This is not what I was told
yesterday.  I was told yesterday that we
still had a good chance, and now all of a sudden I=m getting slapped with
eight years that I was not prepared for. 
I mean, I would --

 

THE COURT:       Mr. Stermer, I=m not going to ask an
awful lot of questions because I don=t want to get into attorney‑client
privilege, attorney‑client questions, meetings and relationship.  That=s improper for me to do that.  It=s really quite simple.  I understand that you have been offered
a plea bargain of eight years to do.

 

[APPELLANT]:     Had I known that this ‑‑

 








THE COURT:       You know it now.  Mr. Stermer, you know it now.  Do you want some time to think about
it?  But you=re not going to have all
day.  I mean, if you want to go sit down
and think about it, pray about it, do whatever for 10 or 15 minutes, I will
give you that amount of time.  At the end
of that time, we=re bringing the jury back
in.  We=re either going to
proceed with a trial or we=re going to proceed with a plea bargain.

 

[APPELLANT]:     I feel now that if I -- if I do take it to
trial, I don=t know that he would want
to defend me because this was like nothing --

 

THE COURT:       I assure you --

 

[APPELLANT]:     Yes, sir, could I please have some time to
think about it?

 

. . . .

 

[APPELLANT=S COUNSEL]:    Thanks for the time, Judge.  Let=s go.

 

(Brief recess)

 

THE COURT:       Mr. Stermer, do you want to finish the
trial or do you want to do the plea bargain?

 

[APPELLANT]:     The only reason I don=t want to go to trial is
because he=s got me convinced that I=m going to get 99 years
and I feel like I=m being forced to sign
this.

 

[APPELLANT=S COUNSEL]:    That=s not an answer.

 

THE COURT:       We are not going to force you to do
anything.  If you continue the
trial, you may be found guilty, you may be found not guilty.  If you are found guilty, there is no
deal.  I may give you eight years, I may
give you more than eight years, I may give you less than eight years.  If you want a guaranteed deal, eight years is
on the table.

 








[APPELLANT]:     I don=t mean to anger you because that=s not a good thing.

 

THE COURT:       You=re not angering me.

 

[APPELLANT]:     I=m very sorry. 
I have never fought for anything.

 

THE COURT:       Bring the jury in.  We=re going to have a trial.  Go have a seat, Mr. Stermer.  Go have a seat, Mr. Stermer.

 

(Open court, defendant
and jury present)

 

. . . . 

 

(Indictment read by the
state)

 

THE COURT:       Robert Stermer, do you plead guilty or do
you plead not guilty?

 

. . . .

 

[APPELLANT]:     Your Honor, I=m sorry, I don=t mean to waste anybody=s time, it=s just I was just hit
with this today --

 

THE COURT:       Mr. Stermer, you must enter a plea of
either guilty or not guilty.  Which is
it?

 

[APPELLANT]:     Guilty.

 

THE COURT:       I=m sorry, I did not hear you.  I really did not understand, Mr.
Stermer.  Did you plead guilty or not guilty?

 

[APPELLANT]:     Yes, sir, guilty.

 








THE COURT:       You may take your seat.  Ladies and gentlemen, the defendant has just
entered a plea of guilty to the indictment. 
He has elected that the court and not the jury set his punishment.  We=re going to take a short break and then we=re going to have the
[S]tate and the defendant, if either of them choose, have testimony and
evidence concerning the punishment that I will give to the defendant. . . .

 

[THE STATE]:     Judge, can we approach real quick?

 

THE COURT:       Sure.

 

(Discussion off the
record)

 

THE COURT:       We have a slight technicality.  You=re not quite released yet, ladies and gentlemen.  Inasmuch as the defendant had the right to a
jury trial and requested a right to a jury trial and even though he has entered
a plea of guilty, the jury is going to have to decide if he is guilty or
innocent.  Does the [S]tate have any
evidence or testimony other than the defendant=s confession?

 

[THE STATE]:             Well, Judge, I believe that the
[S]tate is bound to give some evidence to the jury.  I don=t think just the defendant=s plea alone is
sufficient.

 

The trial then proceeded with the State=s
opening statement and the testimony of its sole witnessCDenton
Police Department Detective Scott Miller. Detective Miller, who investigates
compliance with sex offender registration requirements, testified that he was
familiar with appellant through appellant=s
previous registration efforts with the department.  He then explained that on January 2, 2007, he
advised appellant of the registration requirements regarding a change of
appellant=s residence.  Detective Miller testified that appellant did
not properly register when he moved into his father=s house.








After the parties submitted closing arguments,
the jury found appellant guilty of both counts of failing to register.  Appellant pled true to the indictment=s
enhancement paragraph, and he also pled true to the State=s
intention to enhance his punishment range, which was contained in a separately
filed document.  After appellant called
witnesses who testified about his intent to lawfully register, the trial court
heard closing arguments on the punishment issue.  The trial court sentenced appellant to
fifteen years= confinement.

On November 7, 2007, appellant filed a motion for
new trial generally alleging that the jury=s
verdict was Acontrary to the law and the
evidence@ and
that the trial court should grant a new trial Ain the
interests of justice.@ 
That same day, he also filed his notice of this appeal.

   Appellant=s Alleged Plea Bargain,
the Voluntariness of his Guilty Plea, and

                        the Trial
Court=s Failure to Admonish Him

 

In his first point, appellant contends that the
exchange between him, his trial counsel, and the trial judge at the beginning
of his trial, as recited above, indicates that he intended to accept the State=s
eight-year plea bargain offer.  He
asserts that the trial court did not act according to the allegedly completed
plea bargain and that therefore, his guilty plea is rendered involuntary.  He further asserts that his conviction
should be reversed because the trial court did not admonish him about the
consequences of his guilty plea.








The alleged plea bargain and the voluntariness of appellant=s guilty
plea

To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); see Mosley v.
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); see Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App.
2004).  We should review preservation of
error on our own motion.  Archie v.
State, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007).

Except for complaints involving systemic
requirements, or rights that are waivable only, all other complaints, whether
constitutional, statutory, or otherwise, are forfeited by failure to comply
with Rule 33.1(a).  Mendez, 138
S.W.3d at 342.  ASystemic@
requirements include, for example, jurisdictional issues or a penal statute=s
compliance with the separation of powers provision in the Texas
constitution.  See Saldano v. State,
70 S.W.3d 873, 888 (Tex. Crim. App. 2002).








The voluntariness of a plea is not a systemic
requirement; thus, complaints related to voluntariness must be raised in the
trial court to be preserved for our review. 
See Mendez, 138 S.W.3d at 338, 350; Starks v. State, 266
S.W.3d 605, 613 (Tex. App.CEl Paso
2008, no pet.); Williams v. State, 10 S.W.3d 788, 789 (Tex. App.CWaco
2000, pet. ref=d); see also Nolly v. State,
Nos. 02‑04‑00251‑CR, 02‑04‑00257‑CR, 2005
WL 555215, at *3 (Tex. App.CFort
Worth Mar. 10, 2005, no pet.) (mem. op., not designated for publication)
(holding that the appellant forfeited his voluntariness complaint by not
raising it before the trial court). 
Similarly, errors related to noncompliance with a plea bargain agreement
must be raised in the trial court to preserve such errors for our consideration.  See Martinez v. State, 159 S.W.3d 655,
656 (Tex. App.CCorpus Christi 2004, no pet.); Ballard
v. State, 149 S.W.3d 693, 696 (Tex. App.CAustin
2004, pet. ref=d); Gloria v. State, No.
13‑01‑00367‑CR, 2002 WL 1965336, at *2 (Tex. App.CCorpus
Christi Aug. 22, 2002, no pet.) (not designated for publication).








The trial court must approve the terms of a plea
agreement before the agreement becomes effective.  See State v. Moore, 240 S.W.3d 248,
251 (Tex. Crim. App. 2007); Ditto v. State, 988 S.W.2d 236, 238 (Tex.
Crim. App. 1999) (indicating that the trial court may approve of the agreement
through its actions).  Here, there is no
indication in the record that, even if appellant intended to enter a plea
bargain agreement by pleading guilty, the trial court ever approved the
agreement.  Instead, the trial court
indicated that the plea agreement was no longer available when after asking
appellant directly whether he wanted the plea bargain or a trial, the court
stated, ABring
the jury in.  We=re going
to have a trial.@[3]

Appellant contends that despite this indication
(as well as his counsel=s directive to him that he must
either accept the plea bargain or proceed to trial), he nonetheless thought he
was accepting the plea bargain when he pled guilty before the jury.  However, if appellant was indeed mistaken by
assuming that his guilty plea accepted the State=s
eight-year offer, he failed to appropriately respond to that mistake.








For instance, just after appellant pled guilty,
the trial court stated that it would hear Atestimony
and evidence concerning the punishment that I will give to the defendant@ and
reiterated that appellant elected that the court Aset his
punishment.@ 
Later in the trial, the trial court indicated that it was about to Astart
the punishment phase,@ and then appellant pled true to
allegations contained in the State=s notice
to enhance his punishment range. 
Appellant then observed the proceedings and remained silent as his
counsel called witnesses related to punishment and asked for a Aminimum
sentence@ and as
the State asked that he be confined Ain
prison for at least [twenty] years.@  Finally, when asked if there was any legal
reason why his sentence should not be pronounced, appellant only related that
he had medical records that he had hoped to introduce as evidence.

Throughout all of these events, appellant failed
to express any belief that he was accepting the State=s
eight-year offer by pleading guilty. 
Also, although appellant could have withdrawn his guilty plea at
any time before the jury retired to deliberate, he never attempted to do so.  See McWherter v. State, 571
S.W.2d 312, 313 (Tex. Crim. App. [Panel Op.] 1978); Abrego v. State, 977
S.W.2d 835, 837 (Tex. App.CFort
Worth 1998, pet. ref=d).

Because appellant never asserted the
involuntariness of his guilty plea, his belief that he had entered into a plea
bargain, or his belief that the trial court breached that purported plea
bargain at the trial court level, those complaints have been forfeited, and we
will not consider them.  See Tex.
R. App. P. 33.1; Mendez, 138 S.W.3d at 338B42.








Article 26.13 admonishments

Appellant also contends in his first point that
the trial court erred by failing to admonish him under article 26.13 of the
code of criminal procedure.  See
Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 2009).  Article 26.13 requires a trial court, prior
to accepting a guilty plea, to notify a defendant of various facts and
conditions related to the plea.  See
id.; Bessey v. State, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007).

The requirements of article 26.13 apply to a
guilty plea that is made before a jury.  See
Denton v. State, Nos. 02‑02‑00467‑CR, 02‑02‑00468‑CR,
2004 WL 362265, at *1 (Tex. App.CFort
Worth Feb. 26, 2004, pet. ref=d) (mem.
op., not designated for publication). 
The trial court=s
failure to comply with such requirements may be raised for the first time on
appeal.  See Bessey, 239 S.W.3d at
812 (characterizing admonishments under article 26.13 as a Awaivable-only
right,@ meaning
that it Acannot
be forfeited and may be raised for the first time on appeal unless it is
expressly waived@).








We conclude that the trial court erred because it
did not admonish appellant under article 26.13 at any time following his guilty
plea.  However, the trial court=s error
does not end our analysis, because the error is subject to the harm standards
of rule of appellate procedure 44.2(b).  See
Tex. R. App. P. 44.2(b); Bessey, 239 S.W.3d at 813; Aguirre‑Mata
v. State, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003); Fakeye v. State,
192 S.W.3d 112, 113 (Tex. App.CFort
Worth 2006), aff=d, 227
S.W.3d 714 (Tex. Crim. App. 2007).

Under rule 44.2(b), we disregard the error unless
it has affected appellant=s substantial rights.  Tex. R. App. P. 44.2(b); see Bessey,
239 S.W.3d at 813; Mosley, 983 S.W.2d at 259; Coggeshall v. State,
961 S.W.2d 639, 642B43 (Tex. App.CFort
Worth 1998, pet. ref=d) (en banc).  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury=s
verdict.  King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States,
328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall, 961 S.W.2d
at 643.  Conversely, an error does not
affect a substantial right if we have a Afair
assurance that the error did not influence the jury, or had but a slight
effect.@  Solomon v. State, 49 S.W.3d 356, 365
(Tex. Crim. App. 2001).








The purpose of article 26.13 is to ensure that
only a constitutionally valid plea is entered and accepted by the trial court;
the article assists the trial court in making Athe
determination that the relinquishment of rights, constitutional or otherwise,
by the defendant is both knowing and voluntary.@  Carranza v. State, 980 S.W.2d 653, 656
(Tex. Crim. App. 1998).  Accordingly, the
trial court=s failure to admonish a
defendant of a particular consequence of a plea is harmless when either that
consequence does not apply to the defendant or the record demonstrates that the
defendant otherwise had knowledge of the consequence.  See, e.g., Anderson v. State, 182
S.W.3d 914, 919 (Tex. Crim. App. 2006) (explaining that A[w]hen
courts have failed to admonish guilty‑pleading defendants on the
immigration consequence of conviction, we have held the error was harmless
error when the record showed that a defendant was a citizen of the United
States@); Gamble
v. State, 199 S.W.3d 619, 622 (Tex. App.CWaco
2006, no pet.) (holding that the appellant=s
substantial rights were not affected by the trial court=s
failure to admonish him of his range of punishment because Athe
prosecutor generally explained the applicable punishment range to [the appellant]
on the record . . . and the attorneys covered the applicable punishment range
at length during voir dire@); see
also Slaughter v. State, No. 02‑07‑00050‑CR, 2007 WL
3120688, at *6 (Tex. App.CFort Worth Oct. 25, 2007, no
pet.) (disregarding error under rule 44.2(b) because Amost of
the admonishments set forth in article 26.13 [did] not apply to the facts of
th[e] case; the one requirement that [did]Cadmonishment
about the range of punishmentCwas
discussed in voir dire@).








The specific admonishments required by article
26.13 are (1) the range of punishment attached to the offense; (2) the fact
that the recommendation of the prosecuting attorney as to punishment is not
binding on the court; (3) the fact that if the punishment assessed does not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant and his attorney, the trial court must give its permission to the
defendant before he may prosecute an appeal; (4) consequences of the plea
affecting a noncitizen; (5) the fact that sex offender registration
requirements may be imposed following the conviction; and (6) the fact that it
is unlawful for the defendant to possess or transfer a firearm or ammunition if
the defendant is convicted of a misdemeanor involving family violence.  See Tex. Code Crim. Proc. Ann. art.
26.13(a).

Admonishments two and three do not apply to
appellant=s case because the record does
not establish that any agreement for appellant=s
punishment ever became effective, nor does it indicate that apart from such an
agreement, the State agreed to recommend any specific punishment.  See id. art. 26.13(a)(2)B(3).  In fact, as described, the record affirmatively
indicates that the trial court notified appellant that any plea bargain was no
longer available when it stated, ABring
the jury in.  We=re going
to have a trial.@ Likewise, admonishments four
through six do not apply to appellant=s case
because there is nothing in the record indicating that appellant is a
noncitizen, appellant was already required to register as a sex offender, and
appellant=s offense did not involve family
violence.  See id. art.
26.13(a)(4)B(6).








On the sole remaining statutory admonishment, the
record reflects that appellant had knowledge of the range of punishment.  See id. art. 26.13(a)(1).  In appellant=s
presence during voir dire, the trial court determined that because of
enhancements, appellant faced a first degree felony.  The next morning, after conferring with his
trial counsel about the State=s
eight-year plea offer, appellant expressed his recognition that if he went to
trial, he could receive up to ninety-nine years=
confinement.  See Tex. Penal Code
Ann. ' 12.32(a)
(Vernon 2003) (allowing up to ninety-nine years= or life
as confinement for a first degree felony). 
Appellant=s statement indicates that he
had knowledge of his potential punishment range; he has not contended otherwise
at trial or on appeal.  Finally, apart
from appellant=s plea, the State produced
evidence sufficient to establish appellant=s guilt
and to support the jury=s verdict.  See Solomon, 49 S.W.3d at 365; King,
953 S.W.2d at 271.

Therefore, we conclude and hold that the trial
court=s error
in failing to give appellant statutory admonishments did not affect appellant=s
substantial rights.  See Tex. R.
App. P. 44.2(b); Bessey, 239 S.W.3d at 813.  Thus, the error is not reversible, and we
overrule appellant=s first point.








             The
Trial Court=s Conduct Following Appellant=s Guilty
Plea

In his second point, appellant asserts that after
his guilty plea, the trial court denied him the right to a meaningful jury
trial as guaranteed by the federal and state constitutions and the code of
criminal procedure.  See U.S.
Const. amend. VI; Tex. Const. art. I, '' 10, 15;
Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 2005), art. 36.29 (Vernon Supp.
2008).  Specifically, he contends that
the trial court prejudiced the jury=s
verdict and denied him the presumption of innocence when it indicated to the
jury that its decision on his guilt or innocence was a Aslight
technicality.@

To be reversible, a trial court=s
comment to a jury must unfairly benefit the State or prejudice the
defendant.  See Aschbacher v.
State, 61 S.W.3d 532, 539 (Tex. App.CSan
Antonio 2001, pet. ref=d); Bush v. State, 762
S.W.2d 353, 355 (Tex. App.CFort
Worth 1988, no pet.).  A comment
prejudices a defendant when it contributes to the defendant=s
conviction or punishment.  See Duffey
v. State, 249 S.W.3d 507, 511 (Tex. App.CWaco
2007, pet. ref=d).








When a defendant pleads guilty before a jury, the
jury need not return any verdict; rather, the trial should proceed directly to
determining punishment.  See Fuller
v. State, 253 S.W.3d 220, 227 (Tex. Crim. App. 2008) (explaining that a Aplea of
guilty made to a jury is the functional equivalent of a jury verdict of guilty@),
cert. denied, 129 S. Ct. 904 (2009); Griffin v. State, 255 S.W.3d
774, 775 (Tex. App.CAmarillo 2008, no pet.)
(explaining that a guilty plea before a jury renders the trial as Aunitary
in nature@).  Accordingly, by making such a plea, the
defendant Aadmits the existence of all
facts necessary to establish guilt.@  Carroll v. State, 975 S.W.2d 630, 631B32 (Tex.
Crim. App. 1998).

Therefore, the trial court=s
retention of the jury in this case to hear evidence on appellant=s guilt
and determine that he was guilty was improper. 
However, the improper bifurcation of a trial is not always reversible
error; rather, to be reversible, some harm must relate to the bifurcation.  See Barfield v. State, 63 S.W.3d
446, 450 (Tex. Crim. App. 2001); Ricondo v. State, 634 S.W.2d 837, 842
(Tex. Crim. App. 1981) (op. on reh=g)
(plurality opinion); Frame v. State, 615 S.W.2d 766, 767 n.1 (Tex. Crim.
App. [Panel Op.] 1981); see also Karl v. State, No. 02‑08‑00243‑CR,
2008 WL 5194300, at *2 & n. 11 (Tex. App.CFort
Worth Dec. 11, 2008, no pet.) (mem. op., not designated for publication)
(applying a rule 44.2(b) harm analysis to improper bifurcation).








Here, appellant complains that the trial court=s Aslight
technicality@ comment while it decided to
bifurcate his trial prejudiced the jury in their determination of his
guilt.  However, as described above,
appellant=s guilty plea furnished the only
support necessary for his conviction, and it rendered the jury=s
remaining role in his trial and its consideration of his guilt unnecessary;
thus, we conclude that the comment, even if prejudicial, did not cause any
harm.  See Fuller, 253 S.W.3d
at 227; Carroll, 975 S.W.2d at 631B32; Duffey,
249 S.W.3d at 511.  Therefore, we
overrule appellant=s second point.

                                             Conclusion

Having overruled both of appellants points, we
affirm the trial court=s judgment.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON and MCCOY, JJ.; and WILLIAM
BRIGHAM, J. (Senior Justice, Retired, Sitting by Assignment).

 

MCCOY, J. filed a
concurring opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 16, 2009











 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-425-CR

 

 

ROBERT
STERMER, JR.                                                        APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                    CONCURRING MEMORANDUM
OPINION[1]

 

                                              ------------








I respectfully concur in the disposition of this
appeal but disagree in one respect as to issue number one.  I believe the record clearly shows that when
Stermer entered a plea of guilty, he was doing so to accept the offer of eight
years from the State.  That being said, I
agree with the majority that, if that was the case, no complaint was lodged by
Stermer with the trial court when it subsequently became evident that the court
did not believe the plea agreement had been accepted, and as such, the
complaint was waived for purposes of appeal.

 

BOB
MCCOY

JUSTICE

 

DELIVERED:  April 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]Specifically, the
indictment alleged that in January 2007, appellant failed to notify the Denton
County Sheriff=s Department and the
Denton Police Department of his intent to change his residence.  The indictment also contained an enhancement
paragraph alleging that appellant had been previously convicted for violating
the statutory registration requirements. 
Evidence at trial established appellant=s sexual assault
conviction.





[3]Appellant complains about
the trial court requiring him to enter a plea to the indictment=s allegations in the jury=s presence.  However, the code of criminal procedure
supports the trial court=s action.  See Tex. Code Crim. Proc. Ann.
art. 36.01(a)(2) (Vernon 2007); Thomas v. State, No. 01‑01‑00127-CR,
2002 WL 501646, at *2 (Tex. App.CHouston [1st Dist.] Apr. 4, 2002, pet. ref=d) (not designated for
publication) (holding that the defendant=s pleading before the jury is a Ausual and customary part
of the criminal trial process@); Presley v. State, 686 S.W.2d 764, 770
(Tex. App.CFort Worth 1985, pet. ref=d).





[1]See Tex. R. App. P. 47.4.